RESPONSE TO PETITION EOR REHEARING.
By the Court,
Leonard, J.
We concede the correctness *471 of tlie doctrine announced in Mandeville v. Solomon (39 Cal. 133), and the cases therein cited, that where one tenant in common purchases an outstanding title for the benefit of his co-tenants, the latter must, within a reasonable time, contribute or offer to contribute their proportion of' the purchase money. But that principle applies to cases only where the purchasing co-tenant wishes to be paid, and conducts himself accordingly. If he does not desire to be paid by his co-tenants, or conveys to them the idea that they need not pay until convenient, the principle does not apply. Gillson testified that the other co-tenants did not want Rowland to pay; that Davis, Gillson, Spooner and Lockie thought they would sometime find Rowland in a close place, when he would be anxious to sell out. Rowland told Gillson he had a lot of timber he was going to sell, and that in the meantime he would pay interest. Gillson testified that he “eased Rowland off like;” that he and Lockie had been talking about getting Rowland’s interest; that Davis, Gillson, Spooner and Lockie wanted Rowland’s interest, because they owned other lands in Lake valley, and thought if Rowland kept his interest, their matters would be complicated. Rowland’s testimony corroborated Gillson’s to the effect that it was understood that it was all right if Rowland did not pay up until it was convenient for him to do so.
There is no testimony that appellants ever asked Rowland or respondent to pay any part of the expenses. Appellants could not convey the idea to Rowland that he need not pay until it was convenient, and then allege non-payment within a reasonable time as a reason why he should not recover.
We said in our opinion : “ It is next urged that the court erred in refusing to allow appellants to prove by witnesses Spooner and Shanklin that a less number of acres were patented of the Harvey tract than is alleged in the complaint.” There was a verbal inaccuracy in our statement. We should have said : “It is urged that the court erred in refusing to allow appellants to prove that the title from the State of California had not been obtained for a portion of the Harvey tract.” We said it was immaterial. An offer to prove that a portion of the lands described in the complaint *472 Avere not included in the Harvey tract Avould have been material, but that Avas not the offer.
It is stated in the complaint that in pursuance of the alleged agreement, RoAvland, Gillson, Davis, Spooner and Lockie purchased the possessory right in and to the lands described in the complaint, and there is no denial of this allegation. It is admitted by all the Avitnesses, that said parties did agree to purchase, and did purchase, Harvey’s possessory title, and it is not claimed that there was an agreement to purchase the possessory title to any other lands. It follows, then, that all the lands described in the complaint Avere included in the Harvey tract, and that was the vital question in this connection ; although we did not doubt, from the pleadings, the proof and the findings of the court, to which no exceptions Avere taken, that it was conceded on all sides that the Harvey tract and the lands described in the complaint were the same ; that is to say, that the lands described included the whole Harvey tract. But passing the question of admission in the pleadings, it is sufficient upon this application to refer to the second and third findings of fact by the court.
There it is found that “on the twentieth of August, 1872, defendants Davis and Spooner, together with one Thomas Bowland, and John A. Lockie and George Gillson, agreed verbally together to purchase and acquire from one C. W. Harvey the possessory title to and the possession of the lands described in the complaint, and that aftenvard, in pursuance of said agreement, and for the purpose of acquiring the possession of and 'title to said lands, said Davis, Spooner, Lockie, Gillson and Howland took and received a grant, bargain and sale deed of conveyance from said Harvey of said lands, and received possession of the same from said Harvey.” No objection was made or exception taken to these findings. Hence it follows as a fact that all the lands described in the complaint were included in the Harvey tract, from Avhich fact the conclusions arrived at in the opinion follow for the reasons there stated.
We are satisfied, that the opinion is correct, and a rehearing is denied.